IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA BREI | CIVIL ACTION NO: 1:17-CV-121 |
| Plaintiff, | **ELECTRONICALLY FILED** |
| v. | COMPLAINT IN CIVIL ACTION |
| UNITED STATES OF AMERICA, PRIMARY HEALTH NETWORK, TIMOTHY FULLERTON, D.O., d/b/a MERCER PRIMARY CARE, and DIANA KEISEL, LPN | |
| Defendants. | |

Filed on behalf of
Plaintiff:
Sandra Brei

Counsel of record for
this party:

Dominic D. Salvatori,
Esquire
Pa. I.D. # 27884

310 Chestnut St.
Suite 101
Meadville, PA 16335

(412) 343-7927
(412) 343-4262 (fax)
attydomsalv@aol.com

**COMPLAINT**

Plaintiff, Sandra Brei, by and through her attorney, Dominic D. Salvatori, Esquire, brings the following cause of action:

**NOTICE**

1. On July 15, 2016, Plaintiff, served the Department of Health and Human Services Office of the General Counsel with an executed Standard Form 95 providing notice to the United States Government of this claim.

2.  By letter dated February 14, 2017, the Office of General Counsel of the Department of Health and Human Services notified Plaintiff's Counsel that it was denying Plaintiff Sandra Brei's claim, further notifying the undersigned to file suit against the United States in the appropriate Federal Court District Court within six (6) months from the date of mailing of the determination pursuant to 28 U.S.C. §2401(b).

**JURISDICTION**

3.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671.

4.  Since the Plaintiff submitted an administrative claim to the United States Department of Health and Human

Services, which denied the claim, all conditions, precedent to a Federal Tort Claim, have been properly met.

5. Venue is properly within this district under 28 U.S.C. §1402(b) as the acts complained of occurred in the Western District of Pennsylvania.

6. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of the employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the state of Pennsylvania.

7. While the claim against the United States of America is based on Federal Statute, this court has ancillary jurisdiction to hear the claims against all of the other defendants since the claims are all substantially related to the claim that is within this court's jurisdiction, and there is a logical relationship to the operative facts of all the claims.

**PARTIES**

8. Plaintiff Sandra Brei is an adult individual residing at 10 Zahniser Road, Lot 4, Mercer, Mercer County, Pennsylvania 16317.

9. Defendant United States of America (hereinafter "United States") has waived sovereign immunity pursuant to the Federal Tort Claims Act.

10. Defendant United States of America is the grantor of the U.S. Department of Health and Human Services, which operates a federally qualified health care center, Primary Health Network, with corporate offices located at 100 Shenango Ave, Sharon, Mercer County, Pennsylvania 16146.

11. At all times material Defendant Primary Health Network was engaged in providing health care at the facility known as Mercer Primary Care located at 737 Greenville Road, Mercer, Mercer County, Pennsylvania 16137. Plaintiff is asserting a professional liability claim against this Defendant.

12. Defendant Timothy Fullerton DO d/b/a Mercer Primary Care, is a professional licensed to practice medicine in the Commonwealth of Pennsylvania, specializing in family practice. At all times material hereto he maintained a professional office address at 737 Greenville Road, Mercer, Mercer County, Commonwealth of Pennsylvania

16137, and an employee of a federally qualified health center. Plaintiff is asserting a professional liability claim against this Defendant.

13.   At all times material hereto, Defendant Primary Health Network acted by and through its agents, servants, employees and/or ostensible agents, including Dr. Fullerton d/b/a Mercer Primary Care, who acted within the course and scope of their employment, duty and authority.

14.   At all times material hereto, Dr. Fullerton d/b/a Mercer Primary Care was an employee of Defendant Primary Health Network.

15.   At all times material hereto, Dr. Fullerton d/b/a Mercer Primary Care was an actual agent, ostensible agent and/or servant of Defendant Primary Health Network.

16.   Defendant Diana Keisel is a Licensed Practical Nurse in the Commonwealth of Pennsylvania.  Her last known address is 1330 Sheakleyville Rd, Cochranton, Crawford County, Pennsylvania 16314. At all times material hereto she was employed by Defendant Timothy Fullerton d/b/a Mercer Primary Care and/or Defendant Primary Health Network, authorized and acting in the course and scope of that employment status.  Plaintiff is asserting a professional liability claim against this defendant.

**FACTS**

17.   On July 16, 2014, Mrs. Brei went to the offices of Defendant Fullerton for a routine office appointment.

18.   While there, Defendant Fullerton examined Mrs. Brei's ears and noted a great deal of wax buildup that he said needed cleaned out. Defendant Fullerton then left the office and Defendant Keisel came into the room.  Defendant Keisel put a solution in her right ear and started squeezing a bulb like instrument with water into the ear. Defendant Keisel said the wax is not coming out and so Mrs. Brei asked Defendant Keisel if she should get the doctor. Defendant Keisel replied that the doctor was "really busy" and said "let me try again."  The Defendant then injected more water, forcefully, and Mrs. Brei felt a very severe pain. Thereafter she went home and had severe ear pain that night.  The pain eventually abated.

19.   In December of 2014 Mrs. Brei applied for a position with Trinity Living Center which required a pre-employment physical.  She was informed that she had a significant hearing loss in the right ear.  She then saw a new family physician, Dr. Ciambotti, who confirmed the hearing loss and said she had a "big hole" in her eardrum. She went in January 2015 to an ENT specialist, Dr. Woods, who confirmed the damage to her right ear. Ultimately

surgery was needed to reconstruct the eardrum.  Mrs. Brei has been left with a significant hearing loss in the right ear and constant ringing in the ears.

20. As a result of the negligence of the defendants, as more specifically set forth below, Mrs. Brei has suffered the following injuries:

   a. Perforated/punctured right eardrum/posterior quadrant perforation;

   b. Eustachian tube dysfunction;

   c. Tympanosclerosis;

   d. Mixed hearing loss of the right ear;

   e. Tinnitus;

   f. Central perforation of the tympanic membrane.

21. The natural and foreseeable consequence of these injuries have been the following harms and losses:

   a. Pain and suffering;

   b. Loss of enjoyment of the pleasures of life, including but not limited to her freedom, independence, and ability to interact with her friends, neighbors, family and the community in general;

   c. Embarrassment, humiliation and mental anguish;

   d. Medical expenses, past and future;

   e. Wage loss;

   f. Loss of future earnings/earning capacity;

## COUNT ONE – PROFESSIONAL NEGLIGENCE

## SANDRA BREI VS. TIMOTHY FULLERTON, DO d/b/a MERCER PRIMARY CARE

22. Paragraphs 1-21 above are incorporated by reference.

23. Defendant Fullerton negligently caused the aforesaid injuries and damages to Mrs. Brei by:

   a. Having an improperly trained and/or incompetent and/or unsafe employee (Defendant Keisel) perform the ear wax removal procedure;

   b. Choosing to have Defendant Keisel perform the procedure instead of himself when he knew, or in the exercise of reasonable diligence should have known, that she was not properly trained or otherwise incompetent to perform the same;

   c. Not properly training or instructing staff, including but not limited to Defendant Keisel, in the proper and safe methods of removing ear wax without damaging the eardrum;

   d. Refusing or otherwise not choosing to come into the room to check on Mrs. Brei when she requested that he do so during the procedure.

24. Defendant Fullerton is further vicariously liable for the negligent actions of Defendant Keisel, as more specifically set forth below.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

## COUNT TWO – PROFESSIONAL NEGLIGENCE

## SANDRA BREI VS. PRIMARY HEALTH NETWORK

25. Paragraphs 1-24 are hereby incorporated by reference.

26. At all times material hereto Defendants Fullerton and/or Keisel were agents, servants, and/or employees of Defendant Primary Health Network, authorized and acting in the course and scope thereof.

27. Defendant Primary Health Network is vicariously liable for the negligence of Defendants Fullerton and Keisel, as more specifically set forth herein.

28. Defendant Primary Health Network is also independently negligent for:

    a. Allowing improperly trained and/or supervised personnel to perform an ear wax removal procedure on Mrs. Brei;

    b. Allowing Defendant Keisel to perform the procedure when they knew, or in the exercise of reasonable diligence should have known, that she was not properly trained or otherwise incompetent to perform the same;

    c. Employing improperly or inadequately trained personnel to perform ear wax removal.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional

limits of compulsory arbitration, excluding costs and interest.

## COUNT THREE – PROFESSIONAL NEGLIGENCE

### SANDRA BREI VS. DIANA KEISEL, LPN

29. Paragraphs 1-28 are incorporated by reference.

30. Defendant Keisel negligently caused the aforesaid injuries and damages to Mrs. Brei by:

   a. Flushing Mrs. Brei's ear with such force as to puncture the eardrum;

   b. Continuing the procedure after Mrs. Brei complained of pain;

   c. Continuing the procedure after Mrs. Brei requested the doctor;

   d. Performing the procedure when she knew, or should have known, that she was either not properly trained or otherwise lacked the qualifications to do so.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

Respectfully submitted,

*Dominic D. Salvatori*
_____
Dominic D. Salvatori, Esq.
Attorney for Plaintiff
Pa. ID# 27884
310 Chestnut St., Room 101

```
(412) 343-7927
(412) 343-4262 (fax)
attydomsalv@aol.com
```